**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| SYED H. MUZAFFAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-747-JDK |
| | § | |
| WARDEN, POLK DETENTION FACILITY, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Syed H. Muzaffar's Petition for Writ of Habeas Corpus. Docket No. 1. Petitioner is a citizen of Pakistan, Docket No. 5-1 at 2, who entered the United States in 2001 as a B-2 visitor before having his status adjusted to lawful permanent resident in 2010, *id.*; Docket No 5 at 1–2. In March 2019, Petitioner was convicted of the crime of stalking in a Texas court and became subject to removal under 8 U.S.C. § 1227(a)(2)(E)(i). Docket No. 5-1 at 2. Petitioner was taken into custody by Immigration and Customs Enforcement in December 2025, Docket No. 1 at 5, and in June 2026, an immigration judge ordered Petitioner's removal, Docket No. 5-2 at 2. No appeal was filed, and the removal order became administratively final. Docket No. 1 at 5–7; Docket No. 5 at 2. Now before the Court is Petitioner's habeas petition under 28 U.S.C. § 2241, which seeks immediate deportation or supervised release pending issuance of travel documents. Docket No. 1 at 7–8. For the reasons set forth below, the Court **DENIES** the petition.

Petitioner's detention is governed by 8 U.S.C. § 1231 because he is still subject to the June 2026 final order of removal, and both parties agree that Petitioner has been detained for fewer than six months after his removal order. Docket No. 1 at 5; Docket No. 5 at 4. Petitioner, however, alleges that his "detention has become prolonged" because his "final order has not been processed" and that he is therefore entitled to immediate deportation or release "on supervision until travel documents have been found." Docket No. 1 at 7–8. The Court disagrees.

Post-removal detention is presumptively valid for the first six months. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001)). After the six-month mark, detention is permissible "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Initially, Petitioner bears the burden of showing there is no significant likelihood of removal. *Parham v. Warden Prairieland Det. Ctr.*, 2026 WL 2517039, at *1 (N.D. Tex. Aug. 25, 2026). The burden then shifts to the Government to rebut Petitioner's showing. *Id.*

Here, Petitioner's detention is presumptively valid because he has been detained for less than six months past his final removal order. Docket No. 1 at 5; Docket No. 5 at 4; *see Andrade*, 459 F.3d at 543. Moreover, even if Petitioner had not filed his claim prematurely, he has provided no evidence that "there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, beyond vague statements that his "final order has not been processed" and "no travel documents [have] been issued." Docket No. 1 at 2, 7. On the other hand,

the Government contends that "[t]he ordinary process of obtaining travel documents to effectuate Petitioner's removal to Pakistan is underway." Docket No. 5 at 6. Thus, the Court finds no reason to doubt that Petitioner's removal to Pakistan remains significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Finally, Petitioner's additional arguments are unavailing. *See Merchant v. Noem*, 2026 WL 2971780, at *3–6 ((N.D. Tex. Jan. 28, 2026).

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **11th** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE